UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES A. HENLEY, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-439 PS |
| vs. | ) |
| ARAMARK CORPORATION, | ) |
| Defendant. | ) |

## OPINION AND ORDER

James A. Henley, a *pro se* prisoner, filed this case against Aramark Corporation in the Miami Circuit Court. Aramark removed it to this court. Now, I am required by 28 U.S.C. § 1915A to review it. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Henley alleges that "Soy diet meals provided by Aramark has caused plaintiff to suffer from the following: A) Hypo-Thyroidism Disease B) Gastro-intestinal distress C) Cramps, bloating and excessive gas D) Soybean allergy." DE 3 at 2. This is not the first time that Henley has sued Aramark based on these same claims. In *Henley v. Aramark*, 3:15-CV-095 (N.D. Ind. filed March 2, 2015), he sued Aramark Corp. and Corizon Medical Corp. alleging that his hypo-thyroidism was caused by food served by Aramark with a high soy content. This court found that exposing him to soy

did not violate the Eighth Amendment and dismissed the case for failure to state a claim. Judgment was entered on March 11, 2015, and Henley did not appeal.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). Three requirements must be met for *res judicata* to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. *Ross*, 486 F.3d at 283. Courts use a functional approach in determining whether two cases involve the same claims, and cases will be considered the same for *res judicata* purposes if they "arise out of the same transaction" or share a "common core of operative fact." *Id.* "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Here, all three requirements are met, and this case is barred by res judicata. There is an identity of parties because Aramark is named in this lawsuit and was named

2

in the prior lawsuit. There is an identity of claims because the operative fact that he was served meals containing soy is the same. There was a final judgment on the merits entered on March 11, 2015. Henley did not appeal that judgment and the time for doing so has long since passed. Accordingly, this lawsuit is barred by *res judicata*.

Re-filing an unsuccessful claim against the same defendant is malicious. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). Such claims must be dismissed. 28 U.S.C. § 1915(e)(2).

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**.

ENTERED: October 8, 2015

                        s/Philip P. Simon
                        CHIEF JUDGE
                        UNITED STATES DISTRICT COURT